**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHRISTOPHER MICHAEL EVANS,

    Plaintiff,

v.

SHERRIF BENNY DELOACH; and JAIL
ADMINISTRATOR ADAM BELL,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-27

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Appling County Jail in Baxley, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. Plaintiff has also filed a Motion to Amend. (Doc. 3.) The Court **GRANTS** Plaintiff's Motion to Amend for purposes of this frivolity review, although the assertions set forth in this Motion are identical to those he sets forth in his original Complaint. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims regarding postage stamps and legal mail against Defendants. The Court **DIRECTS** the United States Marshal to serve Defendants DeLoach and Bell with a copy of Plaintiff's Complaint, his Motion to Amend, and a copy of this Order.

## BACKGROUND

Plaintiff contends that Defendant DeLoach, the Sheriff of Appling County, and Defendant Bell, the Administrator at Appling County Jail, are responsible for the day-to-day operations at the Jail. Plaintiff also contends Defendants DeLoach and Bell violated his right to

privacy by opening his legal mail from this Court on February 13, 2016.[1]  (Doc. 1, p. 5.) Plaintiff states Defendants DeLoach and Bell also allowed the entire staff to read his outgoing and incoming mail, in violation of his right to privacy.  Plaintiff maintains Defendants also violated federal law, as well as his constitutional rights, by placing a tax on postage stamps. According to Plaintiff, he had to buy ten stamps for $4.90, which he alleges is more than the $4.60 those stamps should have cost.  (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See

---

[1] Plaintiff maintains there is a prisoner grievance procedure at the Jail, and he utilized that procedure. (Doc. 1, p. 3.)  However, Plaintiff's Complaint is dated February 18, 2016, (id. at p. 6), and it was filed in this Court on February 22, 2016.  If Appling County Jail has a grievance procedure in place, it is unlikely Plaintiff properly completed this procedure prior to filing his Complaint.  However, the Court is loath to recommend the dismissal of Plaintiff's Complaint based on his failure to exhaust his administrative remedies at the frivolity stage and on the scant record before it, because Plaintiff is not required to plead exhaustion at this stage of the litigation.  Jones v. Bock, 549 U.S. 199, 218 (2007).

Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350

F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

### I. Plaintiff's Claims Regarding Postage Stamps

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. In addition, only a deprivation which denies 'the minimal civilized measure of life's necessities,' is grave enough to violate the Eighth Amendment. Snow v. Cochran, No. CIV.A. 13-0464-CG-C, 2014 WL 3427770, at *6 (S.D. Ala. July 14, 2014) (citing Wilson v. Seiter, 501 U.S. 294, 298–99 (1991) (first citation omitted)). "Conditions of confinement violate the Eighth amendment only if they (1) rise to the level of a 'serious' deprivation; and (2) result from the official's 'deliberate indifference.'" Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

Plaintiff's contention that Defendants placed a thirty-cent tax on ten postage stamps fails to identify an enforceable right under the Constitution, and the allegation is not a serious deprivation. In fact, Plaintiff's claim regarding a tax being imposed on postage stamps is frivolous. Again, Plaintiff complains that he was charged $4.90 for ten stamps. (Doc. 1, p. 5.) At the time Plaintiff filed his Complaint, the cost of a postage stamp was $0.49, and a book of

4

ten stamps would, of course, cost $4.90. http://www.businessinsider.com/stamp-prices-are-going-to-fall-by-2-cents-2016-3, last accessed June 3, 2016; http://about.usps.com/news/national-releases/2016/pr16_009.htm, last accessed June 3, 2016.[2]

For all of these reasons, the Court should **DISMISS** this claim.

## II. Plaintiff's Legal Mail Claims

Plaintiff contends Defendants opened his legal mail on one occasion, February 13, 2016. (Doc. 1, p. 5.) Generally, inmates possess a First Amendment right to send and receive mail. Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008). "[An inmate] has a First Amendment free speech right [to receive legal mail] separate and apart from his constitutional right of access to the courts. This right is, of course, subject to the limitations attendant to his status as a prisoner and the legitimate penological interests of jail administrators." Id. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with' with his legal mail." Ford v. Coleman, No. 3:11-CV-1261-J-39JBT, 2015 WL 3404191, at *6 (M.D. Fla. May 26, 2015) (quoting Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)). As Plaintiff alleges Defendants opened his legal mail on one occasion outside of his presence, he cannot sustain a viable claim against Defendants. Thus, the Court should **DISMISS** this claim.

## III. Plaintiff's Non-Legal Mail Claims

Finally, to the extent Plaintiff claims Defendants allowed staff to read his mail, in violation of his right to privacy, such an allegation shall be permitted to proceed at this juncture. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of

---

[2] On April 10, 2016, the cost of a first-class stamp was reduced from $0.49 to $0.47. http://www.businessinsider.com/stamp-prices-are-going-to-fall-by-2-cents-2016-3, last accessed June 3, 2016. However, at the time Plaintiff filed his Complaint in February 2016, the cost was still $0.49.

5

the corrections system." Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). A federal prisoner does not surrender his constitutional rights at the prison gates. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 129 (1977). "Inmates clearly retain protections afforded by the First Amendment." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). These retained First Amendment rights include the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). "'Conversely, prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail.'" Stovall v. Duncan, No. CV413-025, 2014 WL 1818152, at *3 (S.D. Ga. May 7, 2014), *report and recommendation adopted*, No. CV413-025, 2014 WL 3110030 (S.D. Ga. July 7, 2014) (quoting Cotner v. Knight, 61 F.3d 915, ___ (10th Cir. 1995)).

At the frivolity review stage, it cannot be determined whether Defendants "allowed" staff to read Plaintiff's incoming and outgoing non-legal mail for a legitimate purpose (such as maintaining prison security) or for the sole purpose of invading Plaintiff's privacy. Thus, Plaintiff claim survives frivolity review.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims that Defendants violated his rights by opening his legal mail on one occasion and placed an improper tax on postage stamps. Plaintiff's remaining claim regarding the reading of his non-legal mail remains pending.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIM AND DEFENDANTS

Plaintiff's allegations in his Complaint arguably state a colorable claim for relief under 42 U.S.C. § 1983 for invasion of privacy against Defendants DeLoach and Bell. Consequently, a copy of Plaintiff's Complaint, Plaintiff's Motion to Amend, and a copy of this Order shall be served upon Defendants DeLoach and Bell by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

# INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that the United States Marshal effect service. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the

witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the

pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by

reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA